IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULES GOLDMAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 15-5084 |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE CO., | : | |
| Defendant. | : | |

Jones II,       J.                                                        January 6, 2016

## MEMORANDUM

At the telephonic Federal Rule of Civil Procedure 16 conference held on November 24, 2015, counsel for the parties represented to the Court that a preliminary issue that needed to be addressed in this case was whether or not Defendant could demand that Plaintiff submit to a medical examination. The key debate between the parties was whether New Jersey's "deemer" statute's medical examination provision, N.J. Stat. § 39:6A-13, or Pennsylvania's Motor Vehicle Financial Responsibility Law (the "MVFRL")'s medical examination provision, 75 Pa.C.S. § 1796, applied. Thereafter, the Court issued an Order requiring the parties to submit memoranda of law regarding choice of law analysis for the medical examination issue. The Court and the parties foresaw that following review of the submissions, the Court would issue an opinion establishing which state/commonwealth's provision on medical examinations applied. It was anticipated that following the Court's pronouncement, Defendant would formally file a motion to compel Plaintiff to submit to a medical examination, pursuant to the relevant state/commonwealth's laws. The Court notes that upon review of the parties' submissions, and relevant case law, the Court has determined that the resolution of this issue requires consideration of judicial comity concerns, rather than choice of law analysis. However, the Court has found the parties' submissions useful for such analysis and does not require additional briefing prior to issuing its opinion.

Therefore, upon consideration of Plaintiff's Memorandum, (Dkt No. 9 [hereinafter Pl. Mem.]), and Defendant's Memorandum, (Dkt No. 10 [hereinafter Def. Mem.]), it is hereby ORDERED that the relevant medical examination discovery provision of the "deemer" statute,

1

N.J. Stat. § 39:6A-13, is enforceable, even though it conflicts with the MVFRL's medical examination provision, 75 Pa.C.S. § 1796.

## I.      Background

Jules Goldman ("Plaintiff") filed this action in the Court of Common Pleas of Philadelphia County. (Dkt No. 1, Ex. A [hereinafter Compl.].) Plaintiff was a passenger in a Pennsylvania-licensed vehicle driven by Pennsylvania resident Larice McCann. (Compl. ¶¶ 3-5.) Allegedly, on June 28, 2014, Ms. McCann was driving, with Plaintiff as a passenger, near the intersection of Route 29 and the exit of Golden Nugget Flea Market in New Jersey. (Compl. ¶ 6.) At such time and place, Ms. McCann, allegedly, negligently entered Route 29 and caused a motor vehicle accident resulting in serious injuries to Plaintiff. (Compl. ¶¶ 6-8.) At the time of Plaintiff's injuries, Plaintiff was insured by a policy issued by Defendant to Plaintiff in Pennsylvania. (Compl. ¶ 10.) Plaintiff's policy provided for personal injury protection benefits in the amount of $100,000 per person. (Compl. ¶ 12.) To date, Defendant has not paid Plaintiff the full amount of this policy. (Compl. ¶¶ 17-21.) In its Answer, Defendant asserts that it has not paid Plaintiff the full value of her benefits, in part, because Plaintiff refused to appear for one or more scheduled independent medical examinations. (Dkt No. 3 [hereinafter Answer] at 3.)

In short, the parties dispute whether or not Defendant can refuse to pay Plaintiff's benefits due to Plaintiff's failure to submit to an independent medical examination.

## II.      Standard of Law

The Court ordered briefing by the parties to determine whether or not there is a conflict between Pennsylvania and New Jersey laws. Plaintiff argues that Pennsylvania law applies. Defendants argue that New Jersey law applies; and, alternatively, that there is a false conflict. Both parties premise their arguments on choice of law principles. The Court finds that a different approach is more appropriate given the relevant considerations.

The question before the Court is not one of choice of law, but rather, of judicial comity and contract interpretation. The issue before the Court is one of the applicability of New Jersey's "deemer" statute's provision relating to discovery vis-à-vis medical examination, insofar as the provision conflicts with Pennsylvania's statute relating to medical examinations. As to contractual interpretation, the Court will apply Pennsylvania law. *See DiOrio v. Nationwide Mut. Ins. Co.*, 17 F.3d 657, 659 (3d Cir. 1994) (collecting cases showing that where the insurance policy is negotiated and delivered in Pennsylvania to a resident of Pennsylvania and applicable to

an automobile registered in Pennsylvania, the Court will apply Pennsylvania's substantive law to interpret the terms of the contract).

### III.    Discussion

New Jersey's "deemer" statute provides that: "any insurer authorized to transact or transacting automobile or motor vehicle insurance business in [New Jersey]...which sells a policy providing automobile or motor vehicle liability insurance coverage...shall include in each policy coverage to satisfy as least the liability insurance requirements of [New Jersey's standard policy statutory minimums]....whenever the automobile or motor vehicle insured under the policy is used or operated in this State..." N.J. Stat. § 17:28-1.4. There is no dispute in this case that Defendant is subject to the terms of the New Jersey "deemer" statute.[1]

Pennsylvania courts do not "treat the application of the 'deemer' statute as presenting a conflict of laws question," but rather, as an issue of judicial comity. *DiOrio*, 17 F.3d at 659-60 (citing *Smith v. Firemens Ins. Co.*, 404 Pa. Super. 93, 99, 590 A.2d 24, 27 (1991)). The "deemer statute" should be read as part of the insurance contract. *Prudential Property and Cas. Ins. Co. v. Liberty Mut. Ins. Co.*, 896 F.Supp. 400, 402 n. 4 (E.D. Pa. 1994) (citing *DiOrio*, 17 F.3d at 660). Thus, the minimum standard benefits required under the "deemer" statute become a part of the Pennsylvania-issued insurance contract. The question here is whether all of the "deemer" statute should be read as part of the insurance contract, even where such "deemer" provisions are at odds with Pennsylvania laws.

In this case, the relevant debate concerns the "deemer" statute's discovery of facts provision. Thereto:

> Whenever the mental or physical condition of an injured person covered by personal injury protection under a standard automobile insurance policy or medical expense benefits under a basic automobile insurance policy is material to any claim that has been or may be made for such past or future personal injury protection benefits or medical expense benefits, such person shall, upon request of an insurer or the Unsatisfied Claim and Judgment Fund submit to mental or physical examination conducted by a health care provider licensed in this State in the same profession or specialty as the health care

---

[1] The Court notes that Plaintiff does dispute that the "deemer" statute applies to this case. (Pl. Mem. at 9-10.) However, Plaintiff does not dispute that Defendant is authorized to transact in New Jersey, and thus, subject to the terms of the "deemer" statute. Thus, there is no real dispute about whether or not Defendant is covered by the statute.

Instead, Plaintiff argues that the "deemer" statute was not intended for a case wherein both the alleged tortfeasor, the victim, and the policy are from out-of-state. (Pl. Mem. at 9-10.) Plaintiff cites no case law to support this contention. The Court cannot find any case to support a finding that the "deemer" statute is inapplicable to this case.

> provider whose services are subject to review under this section and who is located
> within a reasonable proximity to the injured person's residence.

N.J. Stat. § 39:6A-13. This "deemer" provision stands in conflict with Pennsylvania statute.

Under Pennsylvania's Motor Vehicle Financial Responsibility Law (the "MVFRL"):

> Whenever the mental or physical condition of a person is material to any claim for
> medical, income loss or catastrophic loss benefits, a court of competent jurisdiction may
> order the person to submit to a mental or physical examination by a physician. The order
> may only be made upon motion for good cause shown. The order shall give the person to
> be examined adequate notice of the time and date of the examination and shall state the
> manner, conditions and scope of the examination and the physician by whom it is to be
> performed.

75 Pa.C.S. § 1796. Further, under Pennsylvania Rules of Civil Procedure, upon a "motion for

good cause shown":

> When the mental or physical condition of a party, or of a person in the custody or under
> the legal control of a party, is in controversy, the court in which the action is pending
> may order the party to submit to a physical or mental examination by an examiner or to
> produce for examination the person in the party's custody or legal control.

Pa.R.C.P. § 4010(a)(2).

> To establish good cause:

> an insurer's petition, at the minimum, must contain facts showing that the proofs supplied
> in support of the claim are inadequate, that the proposed physical examination will
> substantially assist the insurer in evaluating the claim and that the amount of the claim
> justifies a court order compelling the claimant to submit to a physical examination.

*State Farm Mut. Auto. Ins. Co. v. Zachary*, 370 Pa.Super. 386, 390, 536 A.2d 800, 801 (1987). A

good cause showing requires a certain "level of specificity so as [to] ensure that a claimant will

not be forced to submit to unnecessary examinations sought in bad faith." *Id.*

Thus, under New Jersey law, Plaintiff *would* be required to submit to an insurer's demand

for a "material" medical examination; under Pennsylvania law, Plaintiff *may* be required to

submit to an insurer's demand for a medical examination, pending a showing of good cause by

the insurer. Application of the "deemer" statute arguably removes protections for insureds

provided by the MVFRL.

The Court could not find, and the parties did not provide, any case law addressing this

specific conflict. Instead, the Court finds the similar situation of conflicts between various

statutes of limitations instructive. Under principles of judicial comity, our Circuit has found that

where the "deemer" statute applies, New Jersey statute of limitations jurisprudence is read as

part of the insurance contract, overriding Pennsylvania statute of limitations jurisprudence. *See*

*DiOrio*, 17 F.3d at 660. The New Jersey statute of limitations affords insureds less time to bring

their claim than the applicable Pennsylvania statute would. *Compare* N.J. Stat § 39:6A-13.1 *with* Pa. Cons. Stat. § 1721(a). Thus, application of the "deemer" statute as part of the insurance contract, as to the issue of the statute of limitations, arguably provides the Pennsylvania insured with less protection. In *DiOrio*, the Circuit found that application of the "deemer" statute's statute of limitations was still enforceable given that Pennsylvania's Supreme Court has "long recognized the validity of a policy provision limiting the time of bringing suit under its terms and rendering the statute of limitations for the cause in question inapplicable." *Id.* (quoting *Commonwealth v. Transamerica Ins. Co.*, 462 Pa. 268, 273, 341 A.2d 74, 76 (1975) (internal quotation marks omitted)). Thus, because Pennsylvania courts have found that negotiated contracts with shorter statutes of limitations than Pennsylvania's were enforceable, the "deemer" statute's shorter statute of limitations was also enforceable. *Id.*

A similar situation is before the Court here. Under the "deemer" statute, an insured has arguably less protections against being required to submit to a medical examination than under the MVFRL. Similar to the case law on statute of limitations, Pennsylvania courts have held that insurance policies that permit an insurer to demand reasonable examinations of its insured as a condition precedent to coverage are valid and enforceable, even though they stand in conflict with the MVFRL. *See Williams v. Allstate Ins. Co.*, 595 F.Supp.2d 532, 537-44 (E.D. Pa. 2009) (citing *Fleming v. CNA Ins. Cos.*, 409 Pa.Super. 285, 597 A.2d 1206 (1991)).

The Court follows Pennsylvania courts' reasoning related to their statute of limitations jurisprudence. First, given that the "deemer" statute applies, as a matter of judicial comity, it is appropriate to apply the "deemer" statute's provision on discovery. Second, a negotiated contract's provisions allowing an insurer to demand "reasonable" examinations of its insured would be enforceable. Plaintiff's insurance policy should be read to include the "deemer" statute's provision allowing the insurer to demand "material" medical examinations of its insured. Because negotiated contractual provisions almost identical to the "deemer" statute's provision are enforceable, despite their conflict with the MVFRL, the "deemer" statute's provision is also enforceable. *C.f. DiOrio*, 17 F.3d at 660.

**IV.    Conclusion**

Because this accident occurred in New Jersey, and Defendant is covered by the "deemer" statute, Plaintiff's insurance policy with Defendant is read to include the provisions of the "deemer" statute, N.J. Stat. § 17:28-1.4, including the "deemer" statute's provision on discovery,

N.J. Stat. § 39:6A-13. Even though the "deemer" statute's provision on discovery conflicts with the MVFRL, it is enforceable.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II     J.